IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARROD MAYBERRY, Y60257, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. 25-cv-511-DWD |
| C/O FULFORD, C/O BROWN, C/O SLOMKA, JOHN DOE 1, JANE DOE 1, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Sharrod Mayberry, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pontiac Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Pinckneyville Correctional Center (Pinckneyville). Specifically, Plaintiff alleges that Defendants Brown and Fulford handled out-of-cell movement in a manner that allowed other inmates to attack him while he was restrained, and John Doe 1 (correctional officer) and Jane Doe 1 (nurse) refused him care for his injuries.

The second amended complaint (Doc. 24) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 821 (7th Cir. 2009).

### THE SECOND AMENDED COMPLAINT

Plaintiff alleges that on September 2, 2024, he engaged in a verbal altercation with a fellow inmate. (Doc. 24 at 6). On the same day, that inmate was being escorted past Plaintiff's cell by Defendant Slomka, so Plaintiff threw urine out of his cell intending to hit the fellow inmate. Unfortunately, the urine hit the inmate and Slomka. Plaintiff apologized, but Slomka told him he should be prepared "to feel some pain." (*Id.*).

On September 5, 2024, Defendant Brown escorted Plaintiff to the shower and remarked that he was going to pay for his actions the other day. (Doc. 24 at 6). Brown later clarified that he was going to feel pain related to throwing urine on Slomka. (Doc. 24 at 7). As Brown escorted Plaintiff back to his own cell, Defendant Fulford was inside of the inmate's cell who was the target of the urine attack. (Doc. 24 at 7-8). Fulford allowed that inmate to escape the cell unrestrained to launch an attack on Plaintiff while Brown held him firm by his restraints. A cellmate who Fulford had restrained also escaped and joined the fracas. The situation was initially diffused when a lieutenant arrived and the unrestrained inmate retreated to his cell, but after Plaintiff and the restrained inmate were pepper-sprayed, the restrained inmate escaped one of his restraints and initiated a second attack. (Doc. 24 at 8-9).

After the second attack ceased, Plaintiff asked for medical care because he could not see due to the pepper spray, and he had pain in his lower back and neck. (Doc. 24 at 9). Plaintiff was carried to the healthcare unit. Jane Doe 1 was notified of his injuries, but when John Doe 1 interjected and said Plaintiff had thrown urine on staff both Jane Doe and John Doe refused care. Plaintiff alleges that subsequently, his injuries have required treatment. (Doc. 14 at 10-11).

Plaintiff faults Defendants Slomka, Brown, and Fulford for conspiring to harm him, Defendants Brown and Fulford for failing to protect him, and Defendants Jane Doe and John Doe 1 for deliberate indifference to his injuries.

Based on the allegations in the second amended complaint the Court designates the following counts:

> **Claim 1:** **Conspiracy claim against Defendants Slomka, Fulford, and Brown for agreeing to harm Plaintiff after he threw urine on Slomka;**
>
> **Claim 2:** **Eighth Amendment deliberate indifference or failure to protect/intervene claim against Defendants Brown and Fulford for their actions on September 5, 2024;**
>
> **Claim 3:** **Eighth Amendment deliberate indifference claim against Defendants John Doe 1 and Jane Doe 1 for refusing medical care on September 5, 2024.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court**.** Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## DISCUSSION

At this preliminary juncture, Plaintiff has satisfactorily alleged the contours of a conspiracy claim against Defendants Slomka, Brown, and Fulford for their alleged agreement to coordinate a physical attack on Plaintiff after he threw urine on Slomka. *See e.g.*, *Dobbey v. Jeffreys*, 417 F.Supp.3d 1103, 1110-13 (N.D. Ill. Oct. 8, 2019) (discussing a § 1983 conspiracy claim at length against four individual prison employees who allegedly conspired to retaliate against inmates for spurring a debate about parole reform by cancelling their prison debate class and taking other punitive actions against the inmates and finding the claim could proceed beyond a motion to dismiss).

To establish a failure to protect claim under the Eighth Amendment, a plaintiff must allege "(1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). But "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

The Court also considers if Plaintiff has enough for a failure to intervene claim, or to establish that the guards were deliberately indifferent in creating a danger. A prison employee may be liable for failing to intervene in an inmate-on-inmate attack if he or she is aware of an assault but fails to take reasonable action to intervene. *Eddmonds v. Walker*, 317 Fed. App'x 556, 558-59 (7th Cir. 2009). An inmate must establish more than just negligence, he must show that prison officials were aware of a substantial risk of serious injury but failed to take appropriate steps to respond. *Id.* at 558. A guard is not expected to immediately insert themselves into a physical altercation, risking their own safety, but they must at least take reasonable action. *See e.g.*, *Giles v. Tobeck*, 895 F.3d 510, 514 (7th Cir. 2018) (finding that even if a guard's reaction to a fight was not the inmate's preferred action, her attempt to assert her authority as a correctional officer and to direct the assailant to return to his cell was negligence at most); *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007).

Plaintiff's allegations in the second amended complaint are also sufficient to proceed against Brown and Fulford on the allegation that they failed to intervene or failed to protect him, or perhaps simply that they orchestrated an instance of cruel and unusual punishment. Plaintiff alleges that they intentionally coordinated a situation where two other inmates were allowed to batter him while Brown held firm to his restraints. If true, these facts could certainly support some sort of Eighth Amendment claim.

Finally, Plaintiff now alleges that John Doe 1 and Jane Doe 1 opted to refuse treatment based on reasons wholly unrelated to his injuries, and that his injuries were serious enough to warrant later care. These allegations are sufficient to proceed.

DISPOSITION

**IT IS HEREBY ORDERED THAT Claim 1** may proceed against Defendants Slomka, Brown, and Fulford; **Claim 2** may proceed against Defendants Brown and Fulford; and **Claim 3** may proceed against John Doe 1 and Jane Doe 1.

The Clerk of Court shall **ADD** the Warden of Pinckneyville to this lawsuit solely for the purpose of identifying John Doe 1 and Jane Doe 1. Plaintiff has provided a clear physical description of these two at pages 2-3 of his Second Amended Complaint (Doc. 24). **Once counsel for the Warden has appeared, they shall review this information, provide responsive information to Plaintiff within 30 days, and file a notice of compliance.** Plaintiff shall then have **21 days from receipt of the information to file a motion to substitute**, failing which these two defendants may be dismissed for failure to prosecute.

The Clerk of Court is **DIRECTED** to prepare for Defendant Brown, Fulford, Slomka, Warden of Pinckneyville (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 24), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

**IT IS SO ORDERED.**

Dated: October 29, 2025

/s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.